150 So. 147

## INTER-OCEAN CASUALTY CO. v. JORDAN.

### 6 Div. 397.

Supreme Court of Alabama.

Oct. 12, 1933.

Rosenthal & Rosenthal, and Walter S. Smith, all of Birmingham, for appellant.

Wm. A. Jacobs,· of Birmingham, for appellee.

THOMAS, Justice.

The suit was upon a policy of insurance, and the pleading was in short by consent.

The issues of fact were submitted to a jury, and the verdict and judgment thereon was for the plaintiff for the amount sued for, with interest.

The appellant insists that it was entitled to the affirmative charge on the grounds that the evidence did not show that death was the result of bodily injury sustained through accidental means, and resulting directly, independently, and exclusively of all other means.

Plaintiff offered in evidence the policy of insurance issued to assured, the certificate of death that resulted within the time covered by the policy, and rested. The certificate of death contained the statement of fact that "the principal cause of death and related causes of importance in order of onset were as follows:

"Died under anæsthetic due to Thrombus Cardiac following hernia operation. * * *
  "Manner of injury    Strain causing hernia.
  "Nature of injury    Hernia."

Defendant offered as a witness an employee in the office of the master mechanic of the railway company, who testified that he was a subscribing witness to the statement made by the deceased, touching an injury sustained by him resulting in hernia, in March, 1929, and which statement was offered in evidence. In substance, it declared that .in the service of that company about February or March, 1929, deceased was "pulling front belly plugs on engine" under repair, and as he pulled on wrench he "felt a pain in (my) his lower abdomen. It did not hurt very bad"; reported the hurt, and said he was not totally disabled; was given light work for two weeks, and ."then went back to washing boilers"; that he began to wear a truss about three weeks after that injury; that Gibson was his helper as "washer of boilers" at the time he was injured; that he did not say "anything to him until the next day," when deceased told him (Gibson) that he thought he was ruptured; that, "as this rupture seemed to be getting worse," he would like to go to the company doctor for treatment.

The burden of proof rested upon the plaintiff to show, by prima facie evidence, that the injury was within the terms of the policy; that is, that the effect resulted, directly and exclusively of all other causes, from bodily injury sustained during the life of the policy, "solely through external, violent and accidental means." The test is the means of the injury. Inter-Ocean Casualty Co. v. Foster, 226 Ala. 348, 147 So. 127, 130. There is analogy in Benefit Ass'n of Ry. Employees v. Armbruster, 224 Ala. 302, 140 So. 356; Woodward Iron Co. v. Vines, 217 Ala. 369, 116 So. 514; Gulf States Creosoting Co. v. Walker, 224 Ala. 104, 139 So. 261.

The general insuring clause of the policy is "against death or disability resulting directly and exclusively of all other causes, from bodily injury sustained solely through external, violent and accidental means." When the voluntary act of the insured caused the injury, by way of, and as the result of, unanticipated and unexpected circumstance and result, it is within the terms of the contract. Equitable Accident Ins. Co. v. Osborn, 90 Ala. 201, 206, 9 So. 869, 13 L. R. A. 267; National Life & Accident Insurance Co. v. Singleton, 193 Ala. 84, 87, 69 So. 80; Standard Acc. Ins. Co. of Detroit, Mich., v. Hoehn, 215 Ala. 109, 110 So. 7; Benefit Ass'n of Ry. Employees v. Armbruster, supra; Gulf States Creosoting Co. v. Walker, supra, and Woodward Iron Co. v. Vines, supra; 1 C. J. p. 427 et seq.

We have carefully examined the testimony, and are of opinion that the injury of decedent was sustained before the issue of the policy, and that hernia was the immediate result thereof. A surgical operation for such chronic ailment originating before the issuance of the policy was not covered. The defendant was not therefore liable, and the affirmative charge should have been given defendant as requested.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.