## WESTERN CASUALTY & SURETY CO. v. APONAUG MFG. CO.

### No. 13902.

United States Court of Appeals,
Fifth Circuit.

June 23, 1952.

Rehearing Denied Aug. 11, 1952.

J. A. Covington, Jr., E. L. Snow, Meridian, Miss., for appellant.

Ben F. Cameron, Meridian, Miss., L. Arnold Pyle, Jackson, Miss., for appellee.

Before HOLMES, STRUM and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a summary judgment entered against the appellant as the defendant below.

The plaintiff in the District Court, Aponaug Manufacturing Company, filed its complaint against the defendant, The Western Casualty & Surety Company, upon a policy of liability insurance indemnifying the insured against certain liability imposed by law, caused by accident and arising out of any of the hazards set forth in the policy. The insurer agreed also to defend any suit against the insured seeking to recover such damages.

The complaint set forth that the insured had been sued by one Morrison because of an alleged assault and battery upon him by R. D. Sanders, who was the insured's President and agent and who was then engaged in the performance of his duties in behalf of the insured; that the insurer was duly notified of said suit but refused to defend it; that the insured made a compromise of the suit in good faith for the sum of $5,000.00, paid the court costs and reasonable attorneys fees and incurred expenses for necessary investigation. The answer of the insurer sets forth the defense that it was not obligated to defend the suit or to make any payment to the insured upon the ground that the particular loss was not covered by the policy.

After the hearing of numerous motions and the filing of numerous affidavits and depositions, the insured moved for summary judgment, which was granted.

The only controversy on this appeal is whether the loss of the insured is covered and embraced within the terms of the policy of insurance. The coverage of the policy, so far as pertinent, is;

"To pay on behalf of the Insured all sums which the Insured shall become obligated to pay by reason of the liability imposed upon the Insured by law for damages, including damages for care and loss of services, because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of any of the hazards hereinafter defined with respect to which insurance is afforded as provided in the Declarations."

"Insured" is defined in the policy as follows:

"III. Definition of 'Insured'.

"The unqualified word 'Insured' wherever used includes not only the named Insured, but also any partner, executive officer, director or stockholder thereof, while acting within the scope of his duties as such."

Under the heading of "Conditions" is a provision dealing expressly with assault and battery as follows:

"6. Assault and Battery.

"Assault and battery shall be deemed an accident unless committed by or at the direction of the Insured."

Appellant's argument may be summarized as follows: under the provision last quoted, assault and battery is not to be deemed an accident if it is committed by or at the direction of the insured; under the definition of "insured" heretofore quoted, R. D. Sanders, the named insured's President, was himself an insured; therefore, the assault and battery committed by Sanders was not an accident within the coverage of the policy.

■ The insurance contract was made in Mississippi, was to be performed there, and hence should be construed in accordance with the laws of that State. 11 Am. Jur., Conflict of Laws, Sec. 152, et seq. The law is settled in Mississippi that a person who has been assaulted and injured by another, without any provocation on his part, has suffered an accidental injury. Georgia Casualty Company v. Alden Mills, 156 Miss. 853, 127 So. 555, 73 A.L.R. 408; Robinson v. U. S. Fidelity & Guaranty Company, 159 Miss. 14, 131 So. 541.

The definition of the word "insured" so as to include persons other than the named insured was intended to extend and had the effect of extending the coverage of the policy to such other persons. Unless the intention of the parties is otherwise clear, that definition should not be construed so as to restrict or limit the coverage enjoyed by the named insured. Further, that definition is of "the *unqualified* word 'insured' ".

■ As to the "condition" of the policy specifically dealing with assault and battery, it is clear that when construed according to the Mississippi law, an assault by an agent, not provoked by the party assaulted, would come within the protection of the policy covering injuries caused by accident, unless specifically excluded therefrom. Does the qualifying clause "unless committed by or at the direction of the Insured" amount to such an exclusion? The reasonable construction of that clause, it seems to us, is that it was inserted out of deference to the question of public policy involved in insurance indemnifying against an insured's willful act. The word "the" qualifies the word "insured" and means, we think, that when the coverage of the policy as to a particular insured is at issue and that insured either committed or directed the assault and battery, then, as to such insured the assault and battery shall not be deemed an accident. The clause is without effect as to other persons insured who neither committed nor directed the commission of the assault and battery.

It follows that the judgment of the District Court was correct and it is

Affirmed.