65 So.2d 69 (1953)
HARDWARE MUT. CAS. CO.
v.
GERRITS.
Supreme Court of Florida, Special Division A.
May 12, 1953.
*70 Brown, Dean & Hill, Miami, for appellant.
Raphael K. Yunes, Miami Beach, for appellee.
JONES, Associate Justice.
This cause comes before this Court upon an agreed statement of facts presenting a question on the proper interpretation of the word "accident" as used in an insurance policy.
The Hardware Mutual Casualty Company, Defendant in lower Court and Appellant here, insured Edward J. Gerrits, Plaintiff in lower Court and Appellee here, according to the terms and conditions of a policy of insurance which, insofar as it is pertinent to the issues in this case contained the following insuring agreement:

"Coverage B. Property Damage Liability. To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the hazards hereinafter defined."

"Definition of hazards: Division 1. Operations and Premises (Manufacturers' and Contractors' (a) All operations during the policy period which are necessary or incidental to the ownership, maintenance or use of the premises and (b) the ownership, maintenance or use of the premises".
While the foregoing insurance agreement was in force and effect, Plaintiff, owner of the subject property, secured the services of one Thomas J. Kelly, a Registered Surveyor, who staked out the lot and thereafter, Plaintiff constructed a building on the premises. It is to be noted that Plaintiff was an experienced contractor and builder by profession.
Subsequently, Plaintiff sold and conveyed the property, with improvements thereon, to one Phil Koffman.
Approximately, three years thereafter, Plaintiff was notified by Robert H. Fatt, Jr., owner of the contiguous lot, that the building erected by Plaintiff encroached upon his adjacent property and that by reason of said encroachment, he suffered great damage and made claim against Plaintiff for the alleged loss which Plaintiff paid in the amount of $1000. Plaintiff notified Defendant insurance company of the aforesaid claim, as required by the policy, and thereafter, Defendant denied all liability under provisions of the policy herein quoted upon the contention that the damage, if any, as claimed by Plaintiff was not the result of an "accident".
Plaintiff contends that at no time did he or his employees knowingly or intentionally construct the building in such a manner as to encroach upon the adjoining property and the encroachment occurred without foresight or expectation on the part of Plaintiff.
In a suit filed by Plaintiff  insured for a Declaratory Judgment, the lower Court held that, under the foregoing stated circumstances, the Plaintiff was entitled to recover on the policy upon the theory that the encroachment was an "accident", the chancellor decreeing that "the building across the line was the result of the mistake of the surveyor, Mr. Kelly, but that the building across the line was an accident so far as the Plaintiff was concerned." From this Final Decree the Defendant-insurer has appealed.
Assuming that the surveyor made a mistake in locating the boundary line and that the Plaintiff relied on the erroneous survey, nevertheless the fact Plaintiff constructed his building so that it encroached upon the adjoining lot cannot be termed an accident. When a person understands facts to be other than they are and is free from negligence, a "mistake of fact" occurs. An effect which is the natural and probable consequence of an act or course of action is not an accident. The effect which was the natural and probable consequence *71 of the Plaintiff's act in erecting the building was the encroachment on the adjoining property. This is true whether the Plaintiff knew the facts as they were or understood them to be other than they were. The result or effect would be the same.
Plaintiff deliberately and designedly (although erroneously) located the building on a part of the adjoining property and he intended to build it at that particular site. The fact that he relied upon a survey does not change the situation in the least. To hold that the mere fact the surveyor made a mistake and that the Plaintiff in reliance on the erroneous survey, constructed his building on the adjoining property by accident would lead to the result that one insured, who relied on his own calculations of where the true boundary line existed, and encroached on contiguous property would be denied a recovery, and another insured, who relied on a survey, would be allowed to recover. The inequitable consequences of such an interpretation forbid our concurrence therein.
Moreover, to sustain the reasoning of the chancellor would result in the Plaintiff-insured "having his cake and eating it, too". Thus, he is reimbursed for the $1000 which he paid to the adjoining owner, and also gains the property covered by his building. Since the purpose of an insurance policy of the type here in question is only to "make whole" the insured, it would appear that such an interpretation would permit an unjust enrichment which is unconscionable in equity.
The parties devoted the major portion of their briefs to argument on the distinction and meaning of the word "accident" and "mistake". However, we think no useful purpose would be served by delving into the numerous fine, shaded and ofttimes confusing definitions or distinctions which have been so made. Suffice to say, that the action of the Plaintiff-Appellee in constructing the building on the adjoining property is well within the definition of a "mistake" contained in 58 C.J.S., page 829, that "Mistake is internal, it is a mental condition, conception, or conviction of the understanding, erroneous, but none the less a conviction, which influences the will and leads to some outward physical manifestation".
For the reasons stated, the decree appealed from should be, and it is hereby, reversed.
TERRELL, Acting C.J., and MATHEWS and DREW, JJ., concur.