**M. R. THOMASON, Contractor, a partnership composed of M. R. Thomason, D. B. Holt, Jr., and others, Appellants,**

v.

**UNITED STATES FIDELITY & GUARANTY COMPANY, Appellee.**

No. 16317.

United States Court of Appeals
Fifth Circuit.

June 19, 1957.

Rehearing Denied Oct. 9, 1957.
Second Petition for Rehearing Denied
Nov. 18, 1957.

RIVES, J., dissents on petition for rehearing.

Fred S. Ball, Jr., Montgomery, Ala., for appellants.

Marion Rushton, Oakley Melton, Jr., Montgomery, Ala., Rushton, Stakely & Johnston, Montgomery, Ala., of counsel, for appellee.

Before RIVES, JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

The appellee, United States Fidelity & Guaranty Company, issued to the appellant, M. R. Thomason, a partnership, a policy of insurance by which the appellee undertook,

"* * * To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident."

The policy required the appellee to defend suits.

The appellant is a contractor. It entered into a contract with a developer to clear a tract of land in Montgomery, Alabama. This land was adjacent to the golf course of Bonnie Crest Country Club for about a quarter of a mile. Along the property line dividing the property of the Club from that of the developer was a hedge and the line was marked by stakes of iron pipe. This line had recently been rechecked by a survey. At the time of the incident giving rise to this litigation, and for some time before, there was another line of iron stakes within the Club property and ten to twenty feet from the property line, serving as out-of-bounds markers on the golf course.

John Thomason, one of the members of the appellant partnership, had learned from the surveyor that the property line was marked by iron stakes. Thomason did not know of the other row of iron stakes. Thomason told Dunlap, the operator of the bulldozer, "to clear up to those metal stakes", and "not to get past those iron stakes." Dunlap inadvertently took the out-of-bounds markers for the boundary stakes and he cleared up to them. Neither Dunlap nor Thomason knew of the mistake until the following day. The golf club sued the appellant and recovered a $2,000 judgment which was paid. The appellee denied any liability to appellant on the policy. The appellant brought an action for $5,000, which included the $2,000 judgment paid, attorneys' fees and other expense incurred in defending the suit of the Club, costs and interest, asserting that it had become legally obligated to pay damages because of injury to property caused by accident. The issue of liability was tried to the court without a jury. The district court held that the operator of the bulldozer intended to do that which he did do and, the act being intentional, the injury was not caused by accident. From a judgment for the appellee this appeal was taken. Although stated in several ways by the appellant in its specifica-

tions of error, the sole question for our review is whether the appellant was required to pay damages because of injury to property caused by accident. The answer to the question requires a determination of the meaning of the word "accident" as it is used in the policy.

■ The damage was caused by a trespass upon the property of the Country Club by an employee of the appellant for whose acts the appellant was liable. The trespass was the result of a mistaken and erroneous belief of the employee as to where he was to go for the doing of that which he was directed to do. Was this "caused by accident" as that phrase was used in the policy? We think that "caused by accident" has the same meaning, for our purposes here, as the phrase "accidental means" which so frequently appears in policies of insurance.

■ In Alabama a distinction is recognized between an accidental result and a result caused by accidental means. To recover upon a policy of accident insurance it "is not sufficient that the injury be unusual and unexpected, but the cause itself must have been unexpected and accidental." Stone v. Fidelity & Casualty Co., 133 Tenn. 672, 182 S.W. 252, L.R.A.1916D, 536, Ann.Cas.1917A, 86, quoted and emphasized in Northam v. Metropolitan Life Insurance Co., 231 Ala. 105, 163 So. 635, 111 A.L.R. 622. The rule is followed in a number of decisions. See Adkins v. Metropolitan Life Insurance Co., 235 Ala. 417, 179 So. 382; White v. New York Life Insurance Co., 5 Cir., 1944, 145 F.2d 504; Gay v. Pacific Mutual Life Insurance Co., 5 Cir., 1956, 237 F.2d 448. Cf. St. Paul-Mercury Indemnity Co. v. Rutland, 5 Cir., 1955, 225 F.2d 689. Where acts are voluntary and intentional and the injury is the natural result of the act, the result was not caused by accident even though that result may have been unexpected, unforeseen and unintended. There was no insurance against liability for damages caused by mistake or error. The cause of the injury was not an accident within the meaning of this policy.

Northam v. Metropolitan Life Insurance Co., supra; Hardware Mutual Casualty Co. v. Gerrits, Fla., 65 So.2d 69; C. Y. Thomason Co. v. Lumbermen's Mutual Casualty Co., 4 Cir., 1950, 183 F.2d 729.

Being in full agreement with the result reached by the district court, its judgment is

Affirmed.

## On Petition for Rehearing

PER CURIAM.

Neither in the original briefs nor on oral argument was our attention directed to the rather recent opinions of the Supreme Court of Alabama in Emergency Aid Insurance Co. v. Dobbs, 263 Ala. 594, 83 So.2d 335, and Employers Insurance Co. of Alabama v. Rives, 264 Ala. 310, 87 So.2d 653. The factual situation in the case before us excludes it from the operation of the principles announced in the cited cases. Therefore the petition for rehearing is denied.

RIVES, Circuit Judge (dissenting).

Consideration of the opinions in Emergency Aid Insurance Co. v. Dobbs, 263 Ala. 594, 83 So.2d 335, and Employers Insurance Co. of Alabama v. Rives, 264 Ala. 310, 87 So.2d 653, and further study have convinced me that the damages which appellants were required to pay come within the coverage of the insurance policy, "damages because of injury to or destruction of property * * * caused by accident."

A recent and well considered article in 23 Insurance Counsel Journal, page 33 et seq. (January 1956 issue) on the interpretation of the phrase "caused by accident" as used in a general liability casualty insurance policy points out that the tests of "accident" commonly used by the courts, but with varying and sometimes conflicting emphases, are:

"1. Whether the act is unusual and unexpected by the person sustaining injury;

"2. Whether the act was sudden and instant, and one identifiable in time or space; and

"3. Whether the act causing injury was intentional or voluntary." 23 Insurance Counsel Journal 35.

As to test No. 1, it must be conceded that the act was unusual and unexpected from the viewpoint of the Bonnie Crest Country Club. Test No. 2 was met because the hedge was cleared off in half a day's time. The argument centers around test No. 3, the intentional or voluntary nature of the act causing the injury.

Liability insurance policies of course cover cases arising from the fault of the insured, for otherwise their coverage would be practically nil (see 45 C.J.S. Insurance § 835a, p. 917). Even willful and intentional injuries are not necessarily excluded from the coverage of such policies when, as in this case, the act causing the injury is that of a servant or employee, without approval of or ratification by the insured.

Clearly, the injury as distinguished from the act was not intentional. That difference is emphasized by numerous decisions of the Alabama courts drawing the distinction between a willful act and a willful injury. See, e. g., Graham v. Werfel, 229 Ala. 385, 157 So. 201, 203, and cases there collected. As a further phase of that case shows, however, even injuries willfully caused may be within the coverage of an automobile liability policy. American Fidelity & Casualty Co. v. Werfel, 230 Ala. 552, 162 So. 103, 106.

Recovery by the insured from the insurer for a loss caused by the willful or criminal act of the insured himself has sometimes been held to be against public policy. See Fidelity-Phenix Fire Insurance Co. of New York v. Murphy, 226 Ala. 226, 146 So. 387, 390; compare California Insurance Co. v. Allen, 5 Cir., 235 F.2d 178, 179. That principle has no application when the act causing the damage was done not by the insured himself but by an employee without the insured's approval or ratification. Georgia Casualty Co. v. Alden Mills, 156 Miss. 853, 127 So. 555, 73 A.L.R. 408, followed in Western Casualty & Surety

Co. v. Aponaug Manufacturing Co., 5 Cir., 197 F.2d 673, 674; Annotation 33 A.L.R.2d 1037.

Emergency Aid Insurance Co. v. Dobbs, 263 Ala. 594, 83 So.2d 335, involved an accident policy rather than a liability policy. Our original opinion, however, referred to cases where the phrase "accidental means" appeared in the policy, upon the theory that "caused by accident" has the same meaning as "accidental means." The latter term was before the Supreme Court of the United States in United States Mutual Accident Ass'n v. Barry, 131 U.S. 100, 9 S.Ct. 755, 33 L.Ed. 60, when it was held that the trial court properly instructed the jury

"* * * that the term 'accidental' was used in the policy in its ordinary, popular sense, as meaning 'happening by chance, unexpectedly taking place, not according to the usual course of things, or not as expected;' that if a result is such as follows from ordinary means, voluntarily employed, in a not unusual or unexpected way, it cannot be called a result effected by accidental means; but that if, in the act which precedes the injury, something unforeseen, unexpected, unusual occurs which produces the injury, then the injury has resulted through accidental means." 131 U.S. at page 121, 9 S.Ct. at page 762.

Similarly, the Alabama Supreme Court in Emergency Aid Insurance Co. v. Dobbs, supra, 263 Ala. at page 338, 83 So.2d at page 338, said:

"* * * it is caused by accidental means, although the means employed were voluntarily rendered, if, in the act preceding the injury, something unforeseen, unusual and unexpected occurs which produces the result."

Clearly, under Alabama law by which this case is ruled, the fact that an injury is caused by an intentional act does not preclude it from being caused by accident if in that act, "something

unforeseen, unusual and unexpected occurs which produces the result." That interpretation goes far to remove this branch of the law from the "Serbonian Bog" into which it had been plunged by the attempted distinction between accidental results and accidental means. See Justice Cardozo's dissenting opinion in Landress v. Phoenix Mutual Ins. Co., 291 U.S. 491, 54 S.Ct. 461, 78 L.Ed. 934; Metropolitan Life Ins. Co. v. Henkel, 4 Cir., 234 F.2d 69; and the splendid annotation in 166 A.L.R. 473.

Employers Insurance Co. of Alabama v. Rives, supra, [264 Ala. 310, 87 A.2d 654] involved a liability insurance policy clause essentially identical to the one in the case at bar, and held that "caused by accident" does not negative recovery for damage caused by negligence so long as the result was not intended.

In Inter-Ocean Casualty Co. v. Jordan, 227 Ala. 383, 150 So. 147, 148, the Alabama Supreme Court said:

> "The general insuring clause of the policy is 'against death or disability resulting directly and exclusively of all other causes, from bodily injury sustained solely through external, violent and accidental means.' When the voluntary act of the insured caused the injury, by way of, and as the result of, unanticipated and unexpected circumstance and result, it is within the terms of the contract."

It was "unforeseen, unusual and unexpected" that there should be two rows of iron stakes, one marking the property line and the other the golf links. By mistake the operator of the bulldozer cleared the hedge up to the wrong row of stakes.

1. I attach some importance to the word "property" in the coverage clause of the policy. "Property" signifies both the thing itself which is capable of ownership and the exclusive right of the owner with respect to the use, control and disposition of something. Eliasberg Bros. Mercantile Co. v. Grimes, 204 Ala. 492, 86 So. 56, 57, 11 A.L.R. 300; 34 Words & Phrases, Property, p. 503. That the "property" of the Golf Club was destroyed or injured seems to me purely accidental.

He intended to destroy the trees and bushes which his bulldozer pushed over, but he did not intend to trespass upon the Club's land. He did not intentionally destroy trees and bushes (property)[1] belonging to the Club, nor did he intentionally injure the Club's golf links.

It now appears to me that the injury to or destruction of the Club's property was caused by accident.[2] I therefore respectfully dissent.

On Second Petition for Rehearing

PER CURIAM.

Leave is granted to present the petition in the nature of a second petition for rehearing, but such petition is denied.

2. As truly so as innumerable similar cases which might be conjectured, such as (a) a wife takes her husband's medicine by mistake and the resultant injury to her is caused by accident; (b) a hunter is mistaken for a deer and fatally shot by his companion and his death is caused by accident; (c) the owner of a prospective roadside business has just paved the approach from the highway to his business, a motorist mistakes the line of the right of way and drives over the property line damaging the newly laid pavement, again by accident.