UNITED PACIFIC INSURANCE COMPANY, a corporation, Plaintiff,

v.

Raymond J. SCHAECHER and Martin Kux, doing business as Schaecher-Kux Lumber Company; Raymond J. Schaecher; Martin Kux; Airo Development Co., Inc., a corporation; Worthmore Lumber Co., Inc., a corporation; First Doe Company, a corporation; Second Doe Company, a corporation; First Roe Company, a partnership; Second Roe Company, a partnership; John Doe; James Doe; Richard Roe and Frank Roe, Defendants.

No. 36795.

United States District Court
N. D. California, S. D.
Nov. 14, 1958.

Bledsoe, Smith, Cathcart, Johnson & Phelps, San Francisco, Cal., for plaintiff.

Hancock, Elkington & Rothert, San Francisco, Cal., for defendant Worthmore Lumber Co., Inc.

Marvin J. Colangelo, San Francisco, Cal., for Schaecher-Kux Lumber Co., defendants.

Wagener & Brailsford, Oakland, Cal., for defendant Alro Development Co., Inc.

ROCHE, District Judge.

This is an action for declaratory relief to interpret the products liability coverage of a comprehensive liability insurance policy issued by United Pacific Insurance Co. (hereafter called United) to Raymond J. Schaecher and Martin Kux, a partnership doing business as Schaecher-Kux Lumber Company (hereafter called Schaecher-Kux). Jurisdiction is based on diversity of citizenship, there being more than $3,000 in controversy.

Schaecher-Kux, wholesale lumber brokers, were agents for the sale of lumber manufactured from the Jim-Jam burn, a tract of fire-killed Douglas fir timber in Trinity County, California. The lumber was manufactured by a corporation called Trinity Forest Industries, Inc., the principal stockholders of which were the individual defendants, Schaecher and Kux. Trinity Forest Industries, Inc., is also a named insured under the comprehensive liability insurance policy in question.

The record shows that Schaecher-Kux knew that fire-killed Douglas fir was susceptible to infestation by wood borers, the larvae of which bore into the heartwood of trees and logs and there develop into adult beetles. Schaecher-Kux secured products liability insurance from United in an attempt to cover the risk of claims which might arise from selling lumber manufactured from infested Douglas fir timber. Ultimately, Schaecher-Kux sold some of the lumber from the Jim-Jam burn to Worthmore Lumber Co., Inc. (hereafter called Worthmore). Worthmore, in turn, sold this lumber to Alro Development Co., Inc. (hereafter called Alro) for use in constructing a subdivision of homes in Concord, California. When Worthmore fell behind in its payments for the lumber, Schaecher-Kux sued Worthmore in Contra Costa County Action 66988 for the balance of the purchase price. Worthmore cross-complained for damages, pointing out that Worthmore itself was being sued by Alro in Contra Costa County Action 67491 for breach of warranty of quality because beetles had emerged from the lumber into several of the subdivision

homes built by Alro. Schaecher-Kux notified United of Worthmore's cross-complaint, but United refused to defend, contending that Schaecher-Kux's products liability insurance did not cover such a claim. The policy states that United agrees "to pay on behalf of the insured all sums which the insured shall become obligated to pay * * * because of * * * injury to or destruction of property, including loss of use thereof, caused by accident. * * *" United brings this action to determine whether or not the emergence of live beetles into finished homes was an "accident."

■ The first question for the court to determine is the effective date of Schaecher-Kux's products liability insurance. By the terms of the endorsements to the comprehensive liability policy, products liability coverage became effective on October 19, 1955. Schaecher-Kux contends, however, that binder coverage was actually secured from United's agent, Raymond Knapp, in July 1955. According to the record, the order for products liability coverage was written by Knapp on October 9, 1955. Although he could not recall having written this particular order within a day or two after meeting with Schaecher, Knapp testified that he normally wrote an order within a few days after the customer had requested the insurance and that he could recall no departure from this practice. Therefore, the court finds that a preponderance of the evidence supports United's position that products liability insurance did not become effective until October 19, 1955.

The next, and principal, question for the court is whether or not the emergence of live beetles from the Douglas fir lumber into the finished homes was an "accident" as that term is used in the insurance policy in question. In August or September 1955, the record shows, Schaecher-Kux began to sell lumber from the Jim-Jam burn. The first buyer, Garten Lumber Company, rejected a shipment of Jim-Jam lumber because of worm holes and the presence of live worms in the lumber. (In lumber trade parlance, "worms" are the larvae of wood borers

and "worm holes" are the holes made by the larvae.) Schaecher-Kux then reduced the price on the rejected lumber and sold it to Worthmore. The record shows that Schaecher-Kux had dealt previously with Andrew Eggum, one of the principal officers of Worthmore, and knew him to be interested in re-manufacturing lumber, a process which involves buying low-grade lumber, re-sawing it, and selling it as a higher grade. The record also shows that Schaecher, Shaecher-Kux's salesman, Bailey, and Eggum knew that there were live larvae as well as holes in the rejected lumber when Eggum agreed to buy the shipment at a discount. Thereafter, from September 19, 1955, to April 13, 1956, Schaecher-Kux sold lumber from the Jim-Jam burn to Worthmore.

The term "accident" has been variously defined. In United States Mutual Acc. Ass'n v. Barry, 1889, 131 U.S. 100, at page 121, 9 S.Ct. 755, at page 762, 33 L. Ed. 60, "accidental" is defined as "happening by chance, unexpectedly taking place, not according to the usual course of things, or not as expected." In Richards v. The Travelers Ins. Co., 1891, 89 Cal. 170, at page 176, 26 P. 762, at page 763, "accident" is defined to include "any event which takes place without the foresight or expectation of the person acted upon or affected by the event."

■ The record shows that the emergence of live wood-boring organisms from the lumber in question was not an unexpected event at least several weeks *before* Schaecher-Kux ordered products liability insurance. When Schaecher-Kux intentionally sold lumber infested with live borers, Schaecher-Kux must have reasonably anticipated that this conduct would cause substantial harm of the type which in fact did occur. In Kuckenberg v. Hartford Acc. & Indemnity Co., 226 F.2d 225, at pages 226–227, the Court of Appeals for the Ninth Circuit stated:

"[I]f, in addition to being intentional, the harmful conduct is reasonably calculated to cause substantial damage of the very sort that

occurs, all courts seem to recognize that the damage is outside of the insured risk. The fact that the injury is more extensive than had been anticipated does not suffice to make the damage accidental. We find sanction for this limitation of the insured risk both in our reading of the reported cases and in our understanding of the normal expectations of the entrepreneur who seeks to protect his activity against liability for damage caused by accident."

Schaecher-Kux attempts to distinguish Kuckenberg v. Hartford Acc. & Indemnity Co., 9 Cir., 1955, 226 F.2d 225; Standard Marine Ins. Co. of Liverpool, England, v. Nome Beach Lighterage & Transp. Co., 9 Cir., 1904, 133 F. 636, 1 L.R.A.,N.S., 1095, certiorari denied, 1906, 200 U.S. 616, 26 S.Ct. 753, 50 L.Ed. 622; Thomason, Contractor v. United States Fidelity & Guaranty Co., 5 Cir., 1957, 248 F.2d 417; Neale Const. Co. v. United States Fidelity & Guaranty Co., 10 Cir., 1952, 199 F.2d 591; C. Y. Thomason Co v. Lumbermens Mutual Casualty Co., 4 Cir., 1950, 183 F.2d 729; and Hardware Mut. Cas. Co. v. Gerrits, Fla.1953, 65 So.2d 69, on the ground that they involved conscious acts as a result of which it could reasonably be foreseen that the damage which actually occurred would result. Yet this is the precise problem of the case at bar, because the record shows that Schaecher-Kux knowingly sold beetle-infested lumber to Worthmore and that Worthmore was able to buy the lumber at a discount because of the beetles. Schaecher-Kux's contention that there was an accident is based on Cross v. Zurich Gen. Acc. & Liab. Ins. Co., 7 Cir., 1950, 184 F.2d 609; New England Gas & Electric Ass'n v. Ocean Acc. & Guarantee Corp., 1953, 330 Mass. 640, 116 N.E.2d 671; and Rex Roofing Co. v. Lumber Mut. Cas. Ins. Co. of N. Y., 1st Dept.

1952, 280 App.Div. 665, 116 N.Y.S.2d 876, leave to appeal denied, 1953, 305 N.Y. 932, 112 N.E.2d 288; 281 App.Div. 744, 118 N.Y.S.2d 732. These cases, however, do not present a different rule of law. They merely involve a different estimate of reasonable foreseeability and conclude that there was an accident on the basis of their own particular facts.

Schaecher-Kux's comprehensive liability insurance policy provides products liability coverage for "injury to or destruction of property, including loss of use thereof, caused by accident." The record shows that there was no "accident" as that term is used in the insurance policy. Although United is here as plaintiff, the burden of establishing insurance coverage is on the defendants in a declaratory judgment action such as this. Accord, Preferred Acc. Ins. Co. of N. Y. v. Grasso, 2 Cir., 1951, 186 F.2d 987. Defendants have not sustained this burden.

It is hereby declared that plaintiff is under no duty or obligation to defend any claim made by or against any of the defendants arising out of the premises and that plaintiff is under no duty or obligation to pay any judgment or costs which may be obtained in either of said actions and that defendants have no rights against plaintiff under said policy arising out of any loss or damage described in said respective civil suits or otherwise.

Defendants shall be permanently restrained and enjoined from asserting any claim or prosecuting any action against plaintiff arising out of the premises. All parties shall bear their own costs. Plaintiff shall prepare findings of fact and conclusions of law in accordance with this opinion.

And it is so ordered.