HAYNES, INDIVIDUALLY AND TRADING AS
JOPPA CONTRACTOR *v.* AMERICAN CAS-
UALTY COMPANY

[No. 222, September Term, 1961.]

*Decided April 19, 1962.*

The cause was argued before HENDERSON, HAMMOND,
PRESCOTT, HORNEY and SYBERT, JJ.

*T. Carroll Brown* and *Franklin Somes Tyng,* with whom were *A. Freeborn Brown* and *Gordon C. Murray,* on the brief, for appellant.

*William E. Brannan,* with whom were *Ginsberg & Ginsberg, Hyman Ginsberg* and *James H. Cook* on the brief, for appellee.

SYBERT, J., delivered the opinion of the Court.

This appeal questions the construction given by the trial court to the term "caused by accident" in an insurance policy.

The case was submitted below upon a stipulation of facts. The appellant, Mack C. Haynes, individually and trading as Joppa Contractor (plaintiff below), had purchased a manufacturer's and contractor's liability policy from the appellee, American Casualty Company (defendant below), to cover against accident in his excavating operations. The policy includes:

> "Coverage B—Property Damage Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, *caused by accident* and arising out of the hazards hereinafter defined.
> "Definition of Hazards
> "Division 1—Premises—Operations. The ownership, maintenance or use of premises, and all operations." (Emphasis supplied.)

During excavation work in Baltimore County, appellant pointed out to his employees the property line within which the work was to be done and then left them for several hours. Upon his return he found they had encroached on adjacent property and cut down 48 trees. When the landowners sued appellant for the resulting damage, the appellee at first undertook to defend the action, but later denied liability under the policy. Appellant then engaged counsel and at the subsequent trial judgment was rendered against him for $1,648,

with interest and costs. When the appellee refused to pay the judgment and expenses of the suit, the instant action was filed by the appellant against the insurance company, seeking damages for breach of contract by appellee in not paying the judgment and suit expenses (first count); reimbursement for the fee incurred for private counsel in defending the landowners' suit (second count); payment of counsel fees to be incurred in the instant action (third count); and damages because appellant's bank account had been attached after appellee refused to pay the landowners' judgment (fourth count). Appellant filed a motion for summary judgment in his favor on the first and second counts and on the issue of liability under the third count, which was denied by the trial court.

On the merits the trial court found for the insurer, holding that "since the employees of the plaintiff intended to cut the trees which they did cut, the result was neither unusual nor unexpected * * *" and therefore did not come within the meaning of the clause "caused by accident" in the policy. From the judgment entered for appellee upon that finding, appellant brought this appeal, thus requiring a determination of whether the cutting of the trees on the land of another through the inadvertent act of the appellant's employees constituted injury "caused by accident" within the meaning and terms of the policy.

The parties take the following positions: The insurer says the act of the insured's employees in cutting the trees on the land of another was voluntary and intentional and the damage was the natural result of the act. Thus, it claims, even though the result may have been unforeseen and unintended, there is no coverage under the policy for damage caused by the mistake or error of the insured's employees. The insured, on the other hand, in addition to arguing that the contract when read as a whole provides coverage, also contends that the more modern view of a majority of the jurisdictions is to reject any distinction between the terms "accidental means" and "accidental result", so that when an intentional or voluntary act of the insured causes damage which was unforeseen by him at the time, it is held to come within the meaning of the term "caused by accident". According to this logic, therefore,

though the trees were felled intentionally by the insured's employees, the fact that damage was done to the property of another was unforeseen, and hence the injury was "caused by accident".

The insurer relies principally on the case of *Thomason v. United States Fidelity & Guaranty Co.,* 248 F. 2d 417 (C. A. 5, 1957), as supporting its theory, as well as upon *Life Insurance Co. v. Plummer,* 181 Md. 140, 28 A. 2d 856 (1942). In the *Thomason* case, a bulldozer operator erroneously went beyond certain iron stakes marking the property line which he was to observe in his work and as a result damaged the adjoining property. The question, as in this case, was whether the insurer was liable for the damage because of injury to the property "caused by accident". The majority of two judges in the federal appellate court, in applying Alabama law, found for the insurer, stating (at 419 of 248 F. 2d) :

> "* * * Where acts are voluntary and intentional and the injury is the natural result of the act, the result was not caused by accident even though that result may have been unexpected, unforeseen and unintended. There was no insurance against liability for damages caused by mistake or error. The cause of the injury was not an accident within the meaning of this policy."

In a well reasoned dissent, Judge Rives, after reviewing the Alabama law, concluded (at 420-421) that "* * * the fact that an injury is caused by an intentional act does not preclude it from being caused by accident if in that act, 'something unforeseen, unusual and unexpected occurs which produces the result.' * * *".

A result in accordance with the views of Judge Rives was reached by the Superior Court of New Jersey, Appellate Division, in the recent case of *Minkov v. Reliance Ins. Co. of Phila.,* 149 A. 2d 260 (N. J. 1959). There the insurer refused to pay a claim against the insured, a construction company, arising out of damage to an existing brick wall occasioned when the insured had voluntarily sought to straighten the wall in order to erect steel roof trusses. The contract contained a provision

identical with the Coverage B clause of the policy before us. The insurance company made the same argument as appellee in this case—that the means which caused the injury were voluntarily employed, and the damage to the wall was foreseeable, and to be expected, and not unusual, hence not "caused by accident". In reversing the trial court, the appellate court rejected this argument, stating (at 263 of 149 A. 2d):

"Defendant's argument that the damage to the wall was not unusual—not accidental because foreseeable —alluding here to the dictionary definition of 'accident' as an unforeseeable contingency—cannot prevail. Simply because the damage resulted from negligence, a concept which carries with it the element of foreseeability, does not deprive the occurrence of its accidental nature. Although an intentional or willful tort would negative the existence of an accident an act attributable solely to negligence may be an accident. It cannot seriously be contended in the present case that the damage was intentional on the part of plaintiff's employees. To give the word 'accident' the meaning for which defendant argues would manifestly defeat the purpose of the policy, which is to protect against liability in circumstances like those here present."

For other cases applying in effect the same rationale as the *Minkov* case in regard to a "caused by accident" provision, see *Cross v. Zurich General Accident & Liability Ins. Co.*, 184 F. 2d 609 (C. A. 7, 1950), where insured's employees intentionally used hydrofluoric acid in a solution for washing windows, but because they did not use the proper amount of water and other protective procedures, the windows were damaged. Since there was no *intent to damage,* the resulting harm was held to be "caused by accident"; *O'Rourke v. New Amsterdam Casualty Company*, 362 P. 2d 790 (N. M. 1961), where it was held that rain damage to the interior of a home caused by a sudden rainstorm in a normally "dry" month was "caused by accident" within a roofing company's liability policy against damage to property. See also *Rex Roofing Co. v.*

*Lumber Mut. Cas. Ins. Co.,* 116 N. Y. S. 2d 876 (1952), and cf. *Langford Electric Co. v. Employers Mut. Indem. Corp.,* 297 N. W. 843 (Minn. 1941), in which the court found that where the insured had *intentionally and wilfully* trespassed upon another's land and cut trees thereon, such act was not an "accident" within the meaning of the policy.

In the policy before us we find, in paragraph 3, under "Conditions", the following: "(c) Assault and Battery. Under Coverages A and B, assault and battery shall be deemed an accident unless committed by or at the direction of the insured." Thus, in this instance, even injuries which are wilful and intentional are not excluded from coverage when caused by a servant or employee and not instigated by the insured. In the instant case there was a technical trespass, of course, through the unwitting and heedless act of the insured's employees in going upon the land of another, contrary to the insured's instructions, and cutting the trees, but here, as in the *Minkov* case, and the other cases cited above, it cannot be contended that injury to the property of another was intentional. To argue that, because the means employed were not accidental, the resulting damage cannot be construed as being "caused by accident", though the damage was in no way reasonably anticipated, is to rely upon a fine distinction which would never occur to, or be understood by, the average policy holder. Cf. *Burr v. Commercial Travelers Mut. Acc. Ass'n,* 67 N. E. 2d 248 (N. Y. 1946).

On the facts in this case we think the position of the appellant is the stronger. We decide only the interpretation to be placed upon the term "caused by accident" in the instant policy and in the circumstances here presented. We do not intend to descend into the "Serbonian bog" mentioned by Justice Cardozo [1] by attempting a sweeping determination as to

---

1. In his dissenting opinion in *Landress v. Phoenix Mutual Life Insurance Co.,* 291 U. S. 491, 499 (1934), Justice Cardozo stated: "The attempted distinction between accidental results and accidental means will plunge this branch of the law into a Serbonian Bog." From Milton's *Paradise Lost,* Book 2, Line 592:
   "A gulf profound as that Serbonian Bog
   Betwixt Damiata and mount Casius old,
   Where Armies whole have sunk * * *."

whether or not a valid distinction exists between "accidental means" and "accidental result" in *all cases*. This Court has in fact recognized such a distinction in *Life Insurance Co. v. Plummer, supra,* 181 Md. 140, 28 A. 2d 856 (1942), cited by appellee, and later in *Home, Etc. Company v. Partain,* 205 Md. 60, 106 A. 2d 79 (1954). However, both of those cases involved policies covering bodily injury "caused solely by external, violent and *accidental means*". (Emphasis supplied.) Thus, the policy provision in those cases expressly required the showing of an accidental *means* as a condition for recovery under the policy. The policy provision before us, "caused by accident", is of much broader scope than the provision in those cases. See 2 *Richards, Insurance* (5th ed.), § 215. In our view, to hold that recovery under such a provision is limited to those situations where not only the result was unintended, but also where the means used were accidental, would place too narrow an interpretation upon that phrase. As the conflicting findings in other jurisdictions, and as the language itself would indicate, the phrase is somewhat ambiguous. We have made it clear that where an insurance company, in attempting to limit coverage, employs ambiguous language, the ambiguity will be resolved against it as the one who drafted the instrument, as is true in the construction of contracts generally. *U. S. F. & G. v. Nat. Pav. Co.,* 228 Md. 40, 178 A. 2d 872 (1962) ; *Penn., Etc., Ins. Co. v. Shirer,* 224 Md. 530, 168 A. 2d 525 (1961).

Much has been written on the question whether or not any distinction should be recognized between accidental means and accidental result, and it would appear that there has been a general tendency among a growing number of courts to refuse to apply such a distinction, indicating a recognition that in the mind of the ordinary purchaser of an insurance policy, the terms are probably synonymous. For a review of decisions and discussion of the question, see for example, Annotation, 166 A.L.R. 469; 2 *Richards, Insurance,* §§ 215, 216; 23 Insur. Coun. Jour. 33; 3 Vanderbilt Law Review 139; 19 Louisiana Law Review 185. We think it is enough to say that here the language of the policy and the circumstances of the case are such that we find no reason to apply such a distinction in this

case, resolving any ambiguity in the wording of the policy in favor of the insured.

We hold that the appellee is liable to the appellant for breach of contract in denying liability under the policy. Since the pleadings, affidavits and depositions were adequate to support the appellant's motion for summary judgment in his favor on the issues therein mentioned, the judgment will be reversed and the case remanded so that the order denying the motion may be rescinded, the motion granted and the remaining issues, not reached by the trial court, determined.

*Judgment reversed; case remanded for further proceedings consistent with this opinion; costs to be paid by appellee.*