288 So.2d 134

John A. ARMSTRONG et al.

v.

SECURITY INSURANCE GROUP,
a corporation.

SC 230.

Supreme Court of Alabama.

Dec. 13, 1973.

28

Neal C. Newell, Birmingham, for appellant, John A. Armstrong.

James M. Fullan, Jr., Birmingham, for appellant, Mary Ann Cofield.

John W. Clark, Jr., Birmingham, for appellee.

MADDOX, Justice.

The question presented by this appeal is whether Security Group Insurance is re-

quired to defend its named insureds in a law suit filed against them. To answer this question, we must determine the effect of an "intentional injury exclusion clause" in the policy.

Security issued a policy of liability insurance to Mary Ann and William Cofield d/b/a Lakeview Sandwich Shop. During grand opening of the new sandwich shop, a fight broke out in the crowded shop over ownership of a beer. Appellant, John Armstrong, was involved in the altercation. Insured William Cofield, who was helping his wife, Mary Ann, in the sandwich shop, intervened. Cofield pulled a gun, and pointed it at Armstrong. The gun fired, severely injuring Armstrong.

Armstrong filed suit against the Cofields seeking to recover $250,000 as damages. The Cofields called upon Security to defend.

Pertinent sections of the policy provide:

"The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

"A. Bodily Injury . . . to which this Insurance applies, caused by an occurrence . . ."

In the policy, "occurrence" is defined as ". . . an accident . . . which results . . . in bodily injury . . . neither expected nor intended from the standpoint of the insured."

Security Insurance Group filed a bill for declaratory judgment to determine its liability under the policy. In the declaratory judgment proceeding from which this appeal is taken, the lower court held the insurer is not liable on the policy to defend the Cofields nor pay any judgment which might be rendered against them. The court held the shooting was not an "accident," and thus the "intentional" exclusion clause was applicable to both named insureds.

Armstrong's three assignments of error are: (1) The decree is not supported by the evidence; (2) the court erred in finding that the injury was not an "occurrence" within the policy definition; and (3) the court erred in finding that the injury was not an "occurrence" as to Mary Ann Cofield.

Insofar as insured William Cofield is concerned, the decree of the lower court is sustained. There was substantial evidence from which the trial court could conclude that as to William Cofield, the "occurrence" was either expected or intended. For example, there was testimony that William Cofield grabbed Armstrong, told another employee that he (Cofield) would handle the fight, brandished a pistol and then shot Armstrong. In other words, there was plenty of evidence that, as to William Cofield, the occurrence and the resulting injury were anything but accidental.

Armstrong argues, however, that mere proof of an intentional act does not exclude liability. He claims that there must be proof that the insured *intended to inflict injury*. Appellants cite Emergency Aid Ins. Co. v. Dobbs, 263 Ala. 594, 83 So.2d 335 (1955), for the proposition that an *accident* occurs even when the act is voluntary if the results are unanticipated or unexpected.

In *Emergency Aid,* this Court said:

". . . *It is an accidental . . . injury if the result is an accident* whether or not due to accidental means; but *it is caused by accidental means,* although the means employed were voluntarily rendered, *if, in the act preceding the injury, something unforeseen, unusual and unexpected occurs which produces the result. . . .*" [Emphasis added.] 263 Ala. at 599, 83 So.2d at 338.

Alabama recognizes a distinction between *accidental result* and a result which

is caused by *accidental means.* Inter-Ocean Casualty Co. v. Jordan, 227 Ala. 383, 150 So. 147 (1933). But, even if William Cofield did not intend the injuries he inflicted, the court could have found that no accident occurred. In Thomason v. United States Fidelity & Guaranty Co., 248 F.2d 417 (5th Cir. 1957), the court said:

". . . Where acts are voluntary and intentional and the injury is the natural result of the act, the result was not caused by accident even though that result may have been unexpected, unforeseen and unintended. . . ." 248 F. 2d at 419.

The answer to appellants' argument is that, even assuming their legal reasoning is correct, there was sufficient evidence from which the trial judge could have found Cofield *intended* to shoot Armstrong. There was evidence that Cofield pointed the gun at Armstrong and that the hammer was fully cocked. A policeman testified that the gun would not fire unless the trigger was pulled. Armstrong's argument here that there is no proof that Cofield *intended to injure* Armstrong is not persuasive.

We conclude that the trial court's finding as to William Cofield was not palpably erroneous nor contrary to the great weight of the evidence. Murphree v. Henson, 289 Ala. 340, 267 So.2d 414 (1972).

As to Mary Ann Cofield, however, we hold that the intentional injury exclusion clause does not apply. The record clearly indicates Mary Ann Cofield neither explicitly nor implicitly authorized, directed, or committed an assault upon Armstrong. The occurrence was an accident not expected nor intended by her. While public policy dictates that an insurer cannot indemnify one against his own wrongdoing or violation of the law, [Appleman, Insurance Law and Practice, Vol. 7 § 4252], there is no evidence in this record that Mary Ann Cofield participated in any way in the assault. Exclusion clauses are designed to prevent indemnification of a wrongdoer. However, it is not against public policy to indemnify an insured against the consequences of a violation of law by others without his direction or participation. See 44 C.J.S. Insurance § 242 b, pp. 1005, 1006.

The exclusion clause reads, in part, "The Company will pay on behalf of *the* insured all sums which *the* insured shall become legally obligated to pay . . ." In Western Casualty & Surety Co. v. Aponaug Mfg. Co., 197 F.2d 673 (5th Cir. 1952), a corporation was entitled to recover on a liability policy for the amount expended in a suit against it by a third party for injuries caused by the president of the corporation. The exclusionary clause said, ". . . Assault and battery shall be deemed an accident unless committed by or at the direction of the Insured." We think the court's language pertinent.

". . . The word 'the' qualifies the word 'insured' and means, we think, that when the coverage of the policy as to a particular insured is at issue and that insured either committed or directed the assault and battery, then, as to such insured the assault and battery shall not be deemed an accident. *The clause is without effect as to other persons insured who neither committed nor directed the commission of the assault and battery.*" [Emphasis added.] 197 F.2d at 674.

The general rule is that identity of the insured and liability of the insurer is determined from the terms of the contract. See Couch on Insurance, 2d Ed., Vol. 11, § 44.252, § 44.254, pp. 681–682. The word "insured" is defined in the policy here as ". . . any person or organization qualifying as an insured in the 'Persons Insured' provision of the applicable insurance coverage. The insurance afforded applies separately to each insured against whom

claim is made or suit is brought, except with respect to the limits of the company's liability." Here, the named insured included both Mary Ann and William Cofield, and since the evidence does not show that Mary Ann Cofield either committed or directed the commission of the assault and battery, the exclusion clause is inapplicable to her.

". . . [W]here a third person seeks to recover from *an insured* on the basis of injuries or damages allegedly caused by some person other than the *named insured,* in the absence of a showing that the injury complained of was 'at the direction of' the *named insured,* a liability insurer is not relieved of its obligation to the insured by an 'intentional injury or damage' clause." [Emphasis added.] See Annotation: "Liability Insurance—Wilful Injury," 2 A.L.R. 3d 1238, § 5, p. 1246, and cases cited therein.

According to the terms of the policy whether the occurrence was an accident must be looked at from the standpoint of the insured. Viewed thus, there was no evidence that Mary Ann Cofield directed or participated in the assault. Consequently, as to her, the occurrence was an accident which resulted in bodily injury which she neither expected nor intended.

Appellee makes mention of a cross-assignment of error in its brief. We find no cross-assignment of error in the transcript of the record nor any other record showing that a cross-assignment of error was made. Nothing is presented for our review.

For the reasons set out above, the cause is reversed and remanded.

Reversed and remanded.

MERRILL, HARWOOD, FAULKNER and JONES, JJ., concur.