PER CURIAM.
The principle point involved in these appeals is that the allegations of delay on the part of an ambulance company in delivering a patient to a hospital, which delay allegedly caused the patient’s death, is an item of coverage within a motor vehicle liability policy which provides coverage for injuries or death “sustained by any person caused by accident and arising out of the ownership maintenance or use of the automobile”.
The trial court determined that in effect delay would constitute an accident. We do not agree. We will concede that the plaintiff, in her complaint, met the allegations that the death arose out of the use of the vehicle. The policy required two conditions: accident and use. We hold that mere delay by a driver of a motor vehicle will not occasion liability under a policy which also requires an accident to have occurred prior to liability attaching.[1]
Therefore, we reverse the order under review, with directions to enter a final judgment dismissing the appellant as a defendant in the cause pending in the trial court.
Reversed and remanded, with directions.

. Compare Kisle v. St. Paul Fire and Marine Insurance Co., 262 Or. 1, 495 P.2d 1198.