FOXLEY & CO., A CORPORATION, APPELLEE, V. UNITED STATES FIDELITY AND GUARANTY COMPANY, A MARYLAND CORPORATION, APPELLANT.

277 N. W. 2d 686

Filed April 24, 1979. No. 42076.

Pilcher, Howard & Dustin, for appellant.

Fitzgerald, Brown, Leahy, Strom, Schorr & Barmettler, for appellee.

Heard before BOSLAUGH, WHITE, and HASTINGS, JJ., and HENDRIX and BUCKLEY, District Judges.

WHITE, J.

This is an appeal from judgment on a petition filed by appellee Foxley & Co. in the District Court against appellant United States Fidelity and Guaranty Company for alleged wrongful refusal to defend a suit brought against the appellee in the District Court for Saunders County by American Savings Company. The petition of Foxley & Co. prays for the amount of the judgment rendered against Foxley & Co. in the District Court for Saunders County plus the costs of defense, including attorney's fees and certain nonrecoverable court costs. The District Court entered judgment for the appellee Foxley & Co. The United States Fidelity and Guaranty Company (hereinafter U.S.F. & G.) appeals.

In the action by American Savings Company against Foxley & Co. in the District Court for Saunders County, both American Savings Company and Foxley claimed ownership of a water-line system and hydrants in certain lands in the northern part of the existing water distribution system of the former Nebraska ordnance plant in Mead, Nebraska.

Each claimed under a quit claim deed from the United States.

It is undisputed that Foxley & Co., acting under its understanding of its legal rights, caused a number of water hydrants to be severed from the water system and caused damage to the remainder of the water system by the method in which the hydrants were severed from the water system. At trial, the court determined, as a matter of law, that the American Savings Company's ownership was paramount since it was based on a deed prior in time from the United States Government. It directed a verdict on liability in favor of American Savings Company and determined the damages for the injuries to the water system. That judgment was not appealed. Foxley & Co. then instituted this suit against its insurer for its failure to defend the American Savings Company action or to satisfy the judgment therein.

In the trial court and in this court the appellant denied coverage. Under the relevant portions of the contract of insurance, the insurer agrees to "pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of * * * (B). property damage to which this insurance applies, caused by an occurrence." "Occurrence", as defined in the policy, means "an accident, including injurious exposure to conditions, which results, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the Insured * * *."

It is the position of the insurer that the actions of Foxley & Co. resulting in damage to the water system were intentional and therefore not an "accident" within the meaning of the policy provision. Appellee relies on our statement made in State Farm Fire & Cas. Co. v. Muth, 190 Neb. 248, 207 N. W. 2d 364, that: "We hold on the basis of the authorities which we hereinafter cite that, under the language of the exclusion in question, an injury is either

expected or intended if the insured acted with the specific intent to cause harm to a third party." There is some dispute as to whether it could more properly be said that Foxley "tore out" or "removed" the hydrants. However, Foxley does concede that, as to the physical consequences of its actions, the result which was brought about was precisely that which it intended to bring about. Contrast that situation with the one in State Farm Fire & Cas. Co. v. Muth, *supra*. There, the plaintiff was injured by a B-B pellet fired by the young defendant from his position in a slowly moving car. The finding by this court that the shooting was accidental relied on the finding by the trier of fact that the defendant aimed the gun at plaintiff's feet, and intended only to "scare somebody" and not to injure the plaintiff in any way. This court said in Muth: "We do not, however, adopt the holding in that case (Lumbermen's Mut. Ins. Co. v. Blackburn (Okla.), 477 P. 2d 62) insofar as it appears to hold that the exclusion does not apply unless the intention is to inflict the injury actually inflicted and unless the act is directed specifically against the party injured."

While we are aware of cases to the contrary, we hold that a policy undertaking to pay damages because of injury to or destruction of property caused by accident does not cover damages caused by the trespass of the policyholder upon the land of another when the damage is the natural result of the intentional act of the policyholder. See Thomason v. United States Fidelity & Guaranty Co., 248 F. 2d 417 (5th Cir., 1957). The court said in that case: "Where acts are voluntary and intentional and the injury is the natural result of the act, the result was not caused by accident even though that result may have been unexpected, unforeseen and unintended. There was no insurance against liability for damages caused by mistake or error. The cause of the injury was not an accident within the meaning of this

policy." See, also, Argonaut Southwest Ins. Co. v. Maupin, 500 S. W. 2d 633 (Tex., 1973); Hardware Mut. Cas. Co. v. Gerrits, 65 So. 2d 69 (Fla., 1953). We decline to adopt the rule in cases cited by the appellee. Gray v. State Department of Highways, 191 So. 2d 802 (La. App., 1966); McAllister v. Hawkeye-Security Ins. Co., 68 Ill. App. 2d 222, 215 N. E. 2d 477; Haynes v. American Casualty Co., 228 Md. 394, 179 A. 2d 900.

Since the injury resulted from a mistake of law and was not an accident within the meaning of the policy, the decision of the trial court must be reversed and the petition dismissed. It is unnecessary to consider other assignments of error.

REVERSED AND DISMISSED.