This appeal is taken from a summary judgment in favor of a third-party defendant insurance company. The effect of the holding is that the death of a patient being transported in an ambulance, allegedly due to the attendant's failure to provide her with oxygen, is not covered by the ambulance company's automobile liability insurance.
On August 25, 1980, an ambulance operated by Jim's Emergency Medical Service answered a call to take Mrs. Willie Mae Evans to the Mobile Infirmary. Mrs. Evans was a cancer patient who was being given oxygen at home and needed it for the trip to the hospital. Her husband, Paul E. Evans, rode in the back of the ambulance with Mrs. Evans and an attendant, Don Dobbs. Mrs. Evans had a breathing device that consisted of tubes inserted into her nostrils. Dobbs connected this device to the oxygen tank in the ambulance and turned on the flow of oxygen.
During the trip, Mr. Evans reached over and turned up the flow of oxygen. Dobbs noticed this, but said nothing and did not turn the oxygen back down. The tank was initially about one-quarter full, and it ran out during the trip. The ambulance had another tank of oxygen which was full, but Dobbs did not begin using it. He testified on deposition that Mrs. Evans had been exhibiting Cheyne-Stokes Respiration, an uneven breathing pattern showing that a person is near death, since he had first seen her at her residence. Dobbs stated that approximately two minutes after the oxygen ran out, Mrs. Evans completely stopped breathing. He then administered CPR, cardio-pulmonary resuscitation, which included mechanical breathing by means of a device placed over her nose and mouth. *Page 41 
Mrs. Evans died in the ambulance. Her husband sued Ronald J. Newman and Donald Newman, individually and as partners doing business as Jim's Medical Emergency Service, alleging that "As a proximate result of Defendants' negligence or wantonness in failing to have a sufficient supply of oxygen, Willie Mae Evans suffered respiratory arrest from which she died."
Defendants filed a third-party complaint against their insurance carrier, St. Paul Fire and Marine Insurance Company, requesting the court to declare that their contract of insurance afforded them coverage for the liability alleged by the plaintiff and that St. Paul had a duty to defend the action. St. Paul answered and filed a motion for summary judgment. The Newmans also filed a motion for summary judgment. The court granted summary judgment for St. Paul and made the ruling final pursuant to Rule 54 (b), A.R.Civ.P.
The policy in question is a standard commercial automobile liability insurance policy. St. Paul Fire and Marine agreed to
 "pay all sums the insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered auto."
St. Paul contends that Mrs. Evans's death was not "caused by an accident" and did not "result from the ownership, maintenance or use" of the ambulance.
In a case factually quite similar arising from the United States District Court for the Southern District of Alabama, the Fifth Circuit Court of Appeals held:
 "Because Snow's [the patient's] injuries were the consequence of [the ambulance operator's] intentional acts of strapping Snow down on his back while regurgitating and transporting Snow to a distant hospital despite his severe injuries, the trial court properly determined that the injuries were not `caused by accident,' as required by the policy's insuring clause. Thus the insurance company had no obligation to defend [the ambulance operator] or pay on his behalf any damages recovered by Mrs. Snow."
Transit Casualty Co. v. Snow, 584 F.2d 97, 99 (5th Cir. 1978).
The Fifth Circuit cited four Alabama cases in support of its interpretation that injuries which are foreseeable results of voluntary and intentional acts are not "caused by accident."Id. Hartford Fire Ins. Co. v. Blakeney, 340 So.2d 754 (Ala. 1976); Armstrong v. Security Ins. Group, 292 Ala. 27,288 So.2d 134 (1973); Emergency Aid Ins. Co. v. Dobbs, 263 Ala. 594,83 So.2d 335 (1955); O'Bar v. Southern Life Health Ins. Co.,232 Ala. 459, 168 So. 580 (1936). None of these cases involved automobile liability insurance. The two recent cases turned on clauses excepting injuries "either expected or intended from the standpoint of the insured." Blakeney, supra, at 755. Without such an exception in the automobile liability policy here at issue, we prefer not to rely on an accidental/intentional distinction.
We agree with the trial court that the injury alleged in the complaint is not covered by the Newmans' automobile liability insurance. Allegedly improper treatment of a patient in an ambulance is not the kind of event which common understanding would consider to be an automobile accident. "[P]rovisions of insurance policies must be construed in light of the interpretation that ordinary men would place on the language used therein." McKissick v. Auto-Owners Ins. Co.,429 So.2d 1030, 1033 (Ala. 1983), citing Universal Underwriters Ins. Co.v. Marriott Homes, Inc., 286 Ala. 231, 238 So.2d 730 (1970).See, e.g., Employers' Commercial Union Ins. Co. v. Danches,311 So.2d 758 (Fla.Dist.Ct.App. 1975), holding that delay by an ambulance company in delivering a patient to a hospital is not an accident arising out of the ownership, maintenance, or use of an automobile.
Although ambiguities in insurance policies are to be interpreted in favor of the insured, the courts are not at liberty to rewrite policies to provide coverage not intended by the parties. Kelley v. Royal *Page 42 Globe Ins. Co., 349 So.2d 561 (Ala. 1977); Smith v. KennesawLife Acc. Ins. Co., 284 Ala. 12, 221 So.2d 372 (1969);Maryland Cas. Co. v. Allstate Ins. Co., 281 Ala. 671,207 So.2d 657 (1968). St. Paul contends that the injury at issue would normally come under errors and omissions coverage. We agree that nothing on the face of the policy, including the amount of premiums charged, would indicate an intent to cover injuries arising from treatment of the medical condition of a patient in addition to those arising from the operation of the vehicle as such.
For the reasons stated, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.