The trial court submitted to the jury the question of whether an injury was accidental and therefore covered by a liability insurance policy, or was the result of an intentional act and within the terms of a specific exclusion in that same policy. We hold that determination was properly left to the jury.
This action arose on account of an injury suffered by Glen Combs at the home of Billy Blakeney. Combs and his wife attended a party at Blakeney's home one evening. Combs drank to excess, became drunk, disorderly and offensive to other guests; attempted to pick fights with them and acted in a generally offensive and obnoxious manner. Two altercations took place between Blakeney and Combs; the first was occasioned by an obscene remark made by Combs to another guest; Blakeney then poured the contents of a can of beer on Combs' head; Combs allegedly lunged at Blakeney; Blakeney hit Combs several times in the face with his fists. The blows were hard enough to cause Combs to fall over some furniture. Blakeney was restrained by a guest and he, Blakeney, left the room and stood outside for a few minutes. Still another guest helped Combs to a side door of the house and was attempting to persuade Combs to leave when Blakeney reentered the house, allegedly proceeded toward Combs, reached around or over one Kilgore, and with his hands, pushed Combs out the doorway. Combs fell backwards down several steps and struck the back of his head on a concrete patio. He suffered serious brain damage and today remains a permanent and total invalid.
Hartford Fire Insurance Company affords Blakeney personal liability insurance under a homeowner's policy. The policy contains language excluding coverage for certain injuries:
"Coverage E — Personal Liability
 "This Company agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence." (emphasis added)
"Additional Definitions
 "5. `Occurrence' means an accident, including injurious exposure to conditions, which results, during the policy term, in bodily injury or property damage." (emphasis added)
"Exclusions
"1. Under Coverage E — Personal Liability * * *
 "f. to bodily injury or property damage which is either expected or intended from the standpoint of the insured."
Blakeney brought this action for declaratory judgment against Hartford; at the close of the evidence Hartford moved for a directed verdict which was denied, a verdict in favor of Blakeney returned, and judgment entered compelling Hartford to provide coverage, furnish counsel and to pay any judgment or costs rendered against Blakeney in the suit filed in behalf of Combs. Hartford's motion for new trial, or, in the alternative, for judgment n.o.v. was denied. Denial of the motion is urged as reversible error on the basis there was no accidental injury within the terms of the policy. Hartford contends the injury was caused by a voluntary intentional act and coverage is not afforded because of the exclusionary clause of the policy. Hartford also says there was prejudicial error in the court's oral charge where it was stated:
 "* * * It is an accidental injury where an unexpected result arises from an intended act."
Is not the above quoted excerpt from the trial court's oral charge a clear statement of the negative of the exclusion in the policy? It appears to us it is. The words of the exclusion refer to the bodily injury, which is either expected or intended by Blakeney, not whether he intended to push Combs. Certainly it was the province of the jury to determine that Blakeney *Page 756 
never expected or intended Combs would suffer serious and extensive brain damage as the end result of being pushed from the doorway.
In the oral charge it was also stated:
 "* * * If an insured voluntarily does an act which he knows or expects is likely to, or he intends to, produce injury and the injury proximately results, then it would not be an injury occurring by accidental means, but a voluntary injury is intentionally doing some act which reasonable and ordinary prudence would pronounce dangerous. * * *"
The principles expressed in the oral charge are in accord with long-standing case law of this State. See United InsuranceCompany of America v. Ray, 271 Ala. 543, 125 So.2d 704 (1961);Aetna Life Insurance Co. v. Beasley, 272 Ala. 153,130 So.2d 178 (1961); Emergency Aid Insurance Co. v. Dobbs, 263 Ala. 594,83 So.2d 335 (1955); Inter-Ocean Casualty Co. v. Foster,226 Ala. 348, 147 So. 127 (1933), and Equitable Accident InsuranceCo. v. Osborn, 90 Ala. 201, 9 So. 869 (1890). We cannot say, as a matter of law, the injury suffered by Combs was not accidental; the result of an accident within the terms of the policy, not expected or intended from the standpoint of the insured, Blakeney. This was a question of fact for the jury about which it was properly instructed by the trial court as to applicable law.
Hartford urges the verdict to be against the great weight of the evidence. Since the jury had before it all the circumstances of the accident giving rise to this action, the applicable provisions of the policy, and was properly instructed about the applicable law, its verdict is presumed correct and will not be set aside since there is nothing to show the verdict to be clearly wrong and unjust. Dixie ElectricCo. v. Maggio, 294 Ala. 411, 318 So.2d 274 (1975).
AFFIRMED.
BLOODWORTH, JONES and ALMON, JJ., and SIMMONS, Retired Circuit Judge, sitting by designation of the Chief Justice, concur.