This is an appeal from a declaratory judgment that Great Central Insurance Company has no obligation to either defend its insured or pay any judgment entered against its insured in an action brought for personal injuries allegedly caused by the insured. We affirm.
Carolyn Boyd accompanied Ocie Tannehill to a nearby grocery store to purchase some beer. As they drove to the store, they passed Tannehill's girlfriend, Bertha Blocker, who had been driving around looking for Tannehill. When Tannehill failed to stop after she sounded her horn, Blocker became incensed and chased the Tannehill vehicle for several miles at speeds approaching 80 miles per hour. Throughout this chase, Blocker maintained a distance of approximately one-half car length between her vehicle and Tannehill's vehicle. When her tailgating and other maneuvers failed to stop Tannehill, Blocker fired three pistol shots into the trunk of Tannehill's car. After pursuing Tannehill for several more miles, she finally decided to discontinue the chase. Before he could slow down, however, Tannehill lost control of his vehicle and collided with an oncoming automobile, injuring himself and Boyd as well as killing two passengers in the other car.
Boyd sued both Tannehill and Blocker for her injuries; Tannehill cross-claimed against Blocker for his injuries. Great Central, Blocker's insurer, filed an action for declaratory judgment to determine its obligations under Blocker's insurance policy. That policy obligated Great Central to defend Blocker and pay any judgment entered against her in an action for personal injury or property damage caused by an "occurrence." Great Central contended that neither Boyd's nor Tannehill's injuries were covered under the policy — and thus, it had no duty to either defend or pay — because they did not arise from an "occurrence," defined in the policy as
 An accident . . . which results in bodily injury or property damage neither expected or intended from the standpoint of the insured. [emphasis ours]
The trial judge heard the evidence ore tenus and determined that Great Central was under no duty to either defend or pay any judgment which might be entered against Blocker in the suit filed by Boyd. In his final judgment he stated in part:
 Based upon the evidence presented, the Court concludes that Bertha Blocker's acts during the events involved were voluntary and intentional and not an accident. The Court further concludes that *Page 21 
the injuries that were sustained by Tannehill and Carolyn Boyd were the likely and natural result of those acts.
 The Court is, therefore, of the opinion that the events made the basis of the tort actions against Bertha Blocker were not an occurrence [accident] within the provisions of the policy of insurance of Great Central and that its policy does not cover the tort claims of Tannehill and Carolyn Boyd. For such reasons, Bertha Blocker is not entitled to insurance coverage by Great Central. [brackets original]
On appeal, Boyd contends the trial judge misinterpreted the applicable law and misapplied that law to the facts and, in the alternative, that his findings of fact are plainly erroneous.
Policy coverage exclusion clauses such as the one in the present case have been construed by this Court to require that the bodily injury be intentionally caused before the provision can operate to exclude coverage. Hartford Fire Ins. Co. v.Blakeney, 340 So.2d 754 (Ala. 1976). Boyd argues that the judgment of the court did not expressly state that the injuries were either expected or intentionally inflicted. This is a rather technical construction of the judgment. Lawler Machine Foundry Co., Inc. v. Pacific Indemnity Ins. Co., 383 So.2d 156
(Ala. 1980). But even conceding for the purposes of argument that the language of the judgment does not exactly track the language in Hartford Fire, supra, we nevertheless are of the opinion that the trial court reached the correct result. If a decision is correct, it is due to be affirmed regardless of the reasons the trial judge gave for reaching his conclusion. Cityof Montgomery v. Couturier, 373 So.2d 625 (Ala. 1979); Clanahanv. Morgan, 268 Ala. 71, 105 So.2d 429 (1958). Notwithstanding Blocker's testimony that she only intended to stop Tannehill so that she could talk with him, it is more than reasonable to conclude from the facts in this case that Blocker intended to injure the occupants of the Tannehill vehicle in any way possible and to any extent possible.
The judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and SHORES, EMBRY and ADAMS, JJ., concur.
MADDOX, JONES and BEATTY, JJ., concur specially.
FAULKNER, J., dissents.