In concurring specially to affirm the trial court's holding that the casualty insurance carrier has no obligation under its policy of insurance with Blocker, I am mindful that we are reviewing a factual finding made by the trial judge from evidence susceptible to conflicting inferences.
Blocker's high speed chase of Tannehill would not support a finding of lack of accident or "occurrence." Here, however, Blocker's chase was coupled with her firing a pistol at Tannehill's speeding car. This additional act on Blocker's part tipped the scales in favor of an evidentiary basis for the trial judge's inference that the intended acts are so naturally related to the results that the intentional conduct cannot be separated from its consequences.
In Hartford Fire Insurance Company v. Blakeney, 340 So.2d 754
(Ala. 1976), we affirmed the findings of the trial court which stated in part:
 ". . . but a voluntary injury is intentionally doing some act which reasonable and ordinary prudence would pronounce dangerous . . ."
Evidence to support the element of intent was absent inHartford, but the trial court here was presented sufficient evidence to find voluntariness in the acts of Blocker; therefore, pursuant to the presumption of correctness rule, I would affirm the judgment of the trial court.
MADDOX and BEATTY, JJ., concur. *Page 22