Tommy James and Alabama Institute of Business, Inc. (AIB), a corporation solely owned and managed by James, were insured under policies of insurance issued by State Farm Fire and Casualty Company (State Farm). James and AIB were jointly sued by a former employee, Claudia Johnson, for damages for assault and battery. After trial, Johnson recovered a verdict and judgment against James and AIB in the amount of $6,000. The judgment was paid by AIB. James and AIB brought suit *Page 713 
against State Farm under the policies for indemnification and refusal to provide a defense. Motions for summary judgment were filed by both plaintiffs and defendant. State Farm filed with its motion the record in the case brought by Johnson. The motion by plaintiffs was denied. The motion by State Farm was granted.
The primary issue is: Was summary judgment proper?
The facts presented are: James is president and sole stockholder of AIB. Claudia Johnson was an employee of AIB, but had been dismissed by James on August 1, 1978. On August 2 she went to one of the business offices of AIB and got into an argument with James over claimed commissions. As she was leaving, James assaulted her, knocking her to the ground and injuring her. She sued and recovered judgment against both James and AIB.
State Farm had in force at the time two policies of insurance insuring James and AIB. One policy was a "Special Multi-Peril Policy" providing bodily injury and property damage liability coverage. In the words of the policy, State Farm was obligated to
 [P]ay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury . . . caused by an occurrence . . . and . . . shall have the right and duty to defend any suit against the insured. . . .
 Occurrence means an accident . . . which results in bodily injury . . . neither expected nor intended from the standpoint of the insured. . . . (Emphasis ours.)
It is first the position of plaintiffs that regardless of the judgment against them by Johnson for assault and battery, an intentional act, there remains to be decided in this case, the fact of coverage under their policies, i.e., whether the injury to Johnson was the result of an "occurrence" as defined in the policies. There is substantial authority for plaintiffs' position.
In the case of Armstrong v. Security Insurance Group,292 Ala. 27, 288 So.2d 134 (1973), citing previous cases, the court said "Alabama recognizes a distinction between accidental result and a result which is caused by accidental means." In the case of Hartford Insurance Co. v. Blakeney, 340 So.2d 754
(Ala. 1976) there was involved, for our comparison, the same coverage and definitions as in the present case. In Blakeney
there had been a fight and an intentional and deliberate assault of another by the insured. The court said the question of whether the injury resulting from the intentional act was an injury "neither expected nor intended by the insured" was a question for the jury and not a matter of law for the court.
In the case of Alabama Farm Bureau Mutual Casualty InsuranceCo. v. Moore, 349 So.2d 1113 (Ala. 1977), the court almost had the same question as ours before it. In that case, the insured had been sued and judgment obtained. The complaint originally contained a claim of assault and battery and negligence in the pushing of the plaintiff through a plate glass window. The assault and battery claim was withdrawn and judgment was on the negligence claim. Farm Bureau had declined to defend, contending the injury was intentional and not covered by the policy. One of the issues discussed on appeal was whether Farm Bureau was bound and estopped by the result of the judgment based on negligence against its insured, or whether it could, in the declaratory judgment action brought against it by the insured, have a determination of whether the injury caused by its insured was "expected or intended" within the terms of the policy. The court rhetorically asked the question: If the judgment against its insured had been obtained on the assault and battery claim, would Farm Bureau be automatically excluded from liability? The answer was given — "possibly not." The court, by way of explanation, further said, "While Moore may have intended to push Strickland he may not have intended or expected bodily injury." (Citing Blakeney and Armstrong.)
The analogy of our case to the question and answer presented by the court *Page 714 
in Moore is evident. Though plaintiffs were found guilty by a jury of the intentional act of assault and battery in the case brought against them by the injured Johnson, State Farm was not a party to that suit, even though it had the opportunity to defend James and AIB. The issue of whether the injury resulting from the intentional act was an "intended or expected" injury was not necessary to be determined in that suit. That issue is
necessary to be determined in this action. The record of the trial, wherein the commission of the assault and battery by the insured James was shown, also contained the testimony of James that he did not intend the resultant injury. There was presented an issue of fact. This is a jury case. Only a jury, after proper instruction, can determine the facts necessary to defeat coverage. Blakeney, supra. It is not the function of the trial court on motion for summary judgment to determine issues of fact but only to determine if there are issues of fact to be determined by the jury. Rule 56, ARCP. Horton v. NortheastAlabama Regional Medical Center, Inc., 334 So.2d 885 (Ala. 1976). The trial court erred in granting summary judgment and the case must be remanded for jury trial.
The other issues presented are not ripe for decision in view of our reversal of the judgment granting summary judgment. They must await final judgment on the merits.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.