STATE FARM FIRE & CASUALTY COMPANY, Plaintiff–Appellee,

v.

William D. KING, Jo A.W. King and Christopher King, Defendants–Appellants.

No. 87–7700.

United States Court of Appeals, Eleventh Circuit.

Aug. 10, 1988.

---

James S. Lloyd, Clark & Scott, Birmingham, Ala., for King.

Garve Ivey, Jr., Wilson & King, Jasper, Ala., for Dunaway.

Alan T. Rogers, Balch & Bingham, Birmingham, Ala., for State Farm Fire & Cas. Co.

Before JOHNSON and HATCHETT, Circuit Judges, and GIBSON *, Senior Circuit Judge.

PER CURIAM:

This appeal arises from a declaratory judgment absolving State Farm Fire & Casualty Company from providing coverage to William and Jo Ann King for bodily injuries caused by their son, Christopher King. We affirm.

## I.  *Background*

An altercation on November 22, 1984 at Trader John's bar in Birmingham ensued in a high-speed, rambunctious chase down Interstate 59.  Christopher King and passenger Bobby Knight were in one car, and Rodney Dunaway and passenger Dwight Reeves were in the other car.  After telling Knight that he was "going to have to shoot out the tires," King pulled up on the other car and successfully shot out both rear tires.  But additional shots from King shattered the near-side passenger window and penetrated the roof just above the passenger door.  Reeves died of a bullet wound to the right side of his head.

King was convicted of murder, Ala.Code § 13A–6–2(a)(2), and sentenced to twenty years.  The jury found him guilty of reckless murder (count one), but did not find him guilty of intentional murder (count two).  Reeves' estate filed a civil suit against King for wrongful death, and Dunaway filed a civil suit against King for mental anguish and property damage.  In October 1985, when notified of the suits by Reeves' estate and Dunaway, William and Jo Ann King notified State Farm and claimed personal liability coverage for their son under homeowner's insurance.[1]

State Farm sought and received a declaratory judgment from the district court stating that State Farm was not obligated to defend or indemnify King in the two civil actions.[2]  The district court found that

---

* Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

1. The Kings concede that State Farm has no duty to defend or indemnify them for the property damage because King did intend to shoot out the tires.

2. The district court decided the case, as agreed by the parties, on the pleadings and written evidence and briefs offered in support of motions for summary judgment.  The district court also relied on the transcript from King's criminal proceedings in state court.

King "expected or intended" Reeves' death and therefore was not covered by the policy's bodily injury provision. The district court additionally found that the Kings gave untimely notice of the claim to State Farm. King and intervenor Dunaway [3] appeal both grounds.

## II. *"Expected or Intended" Injury*

State Farm's homeowner's policy excludes from personal liability coverage any "bodily injury or property damage which is expected or intended by the insured." The question is whether King expected or intended Reeves' death. In this diversity case we look to Alabama law. Because insurance companies commonly limit personal liability coverage to accidental injuries, our analysis is guided by a number of Alabama cases that have determined the scope of this same clause.

The interpretation by Alabama courts of "expected or intended" is most clearly set out in *Alabama Farm Bureau Mutual Casualty Ins. v. Dyer*, 454 So.2d 921, 925 (Ala.1984):

> [A] purely subjective standard governs the determination of whether the insured Wayne Dyer either expected or intended to inflict bodily injury upon his brother, William. Under the subjective test, an injury is "intended from the standpoint of the insured" if the insured possessed the specific intent to cause bodily injury to another, whereas an injury is "expected from the standpoint of the insured" if the insured subjectively possessed a high degree of certainty that bodily injury to another would result from his or her act.

The *Dyer* court expressly rejected foreseeability as a measure of expectation or intent. The court did, however, adopt the analysis of a Minnesota case, *Continental Western Ins. v. Toal*, 309 Minn. 169, 244 N.W.2d 121, 125 (1976), which held that intent to inflict bodily injury could be inferred as a matter of law. *See also Woida v. North Star Mutual Ins.*, 306 N.W.2d 570 (Minn.1981) ("actions are of such a calculated nature that we can infer an intention to

inflict injury as a matter of law"); *Auto–Owners Ins. v. Smith*, 376 N.W.2d 506, 509 (Minn.App.1985) (conduct "so remorseless as to require an inference of intent").

The Alabama Supreme Court revisited the topic in *Watson v. Alabama Farm Bureau Mutual Cas. Ins.*, 465 So.2d 394 (Ala.1985). As in *Dyer*, the trial court's decision was reviewed with a presumption of correctness. Watson took a gun loaded with ratshot when he tried to find Renfroe and ask what Renfroe had done to Watson's daughter. When Watson found Renfroe, he walked up to his truck with the gun, pointed the gun at Renfroe and shot. The Alabama Supreme Court held that the trial court "could have reasonably concluded that Watson either expected or intended that the gun would discharge and injure Renfroe." 465 So.2d at 396.

Additional guidance comes from an earlier Alabama case. In *Boyd v. Great Central Ins.*, 401 So.2d 19 (Ala.1981), Blocker tried to stop Boyd and Tannehill by firing three pistol shots into their truck. Blocker stopped chasing them three miles later, but at that point Tannehill lost control and collided with an oncoming vehicle. Tannehill and Boyd were injured and two passengers in the other car were killed. The Alabama Supreme Court held that it was "more reasonable to conclude from the facts in this case that Blocker intended to injure the occupants of the Tannehill vehicle in any way possible and to any extent possible." *Id.*, 401 So.2d at 21.

In this case, the district court found that King wielded his pistol because he suspected that Reeves had a gun: "King's action demonstrated his apprehension of probable danger, and necessity for meeting it. From all the evidence King's intent to do injury was clearly present." The court further found that "King was the pursuer and the aggressor in the action leading up to the shooting. He could have avoided these events. He manifested by attitude and action an angry attitude notwithstanding his denials of intent to injure anyone." The district court explicitly

---

**3.** Dunaway claims standing as intervenor because, if he recovers damages in his civil suit, he

would want to pursue State Farm as King's indemnitor.

based its finding of no coverage on a subjective assessment of King's expectation or intent as prescribed by *Dyer*.[4] The district court's findings of fact are not clearly erroneous. Fed.R.Civ.P. 52(a); *Fairmont–Tillett, Ltd. f/u/b/o American Title Ins. v. First Memphis Realty Trust*, 691 F.2d 991, 991 (11th Cir.1982).

## III. Conclusion

Based on the evidence, the district court could have reasonably concluded that King either expected or intended the resulting bodily injury.[5] Therefore the district court's declaratory judgment that State Farm is not obligated to defend or indemnify King is AFFIRMED.

---

**4.** The district court correctly recognized that the state criminal trial jury's rejection of the intentional murder count did not foreclose a finding that King either intended or expected bodily injury as understood by the insurance policy. First, the jury was deciding the issue beyond a reasonable doubt, whereas the district court was deciding the issue by a preponderance of the evidence. Second, insurance coverage turns on expectation as well as intent. Whether King "possessed a high degree of certainty" of bodily injury from his shots, *Dyer*, 452 So.2d at 925, is a different question from whether he intended to cause Reeves' death.

**5.** Because we hold that insurance coverage does not pertain in this case, we do not reach the additional issue on appeal of whether the Kings filed a timely claim with State Farm.